**W.C. EMFINGER, Appellant,**

**v.**

**PUMPCO, INC., et al., Appellee.**

**No. 09 84 274 CV.**

Court of Appeals of Texas,
Beaumont.

April 11, 1985.

Larry Hunter, Vidor, for appellant.

Michael D. Matthews, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from the refusal of the trial court to issue a temporary injunction enjoining a non-judicial foreclosure sale.[1] W.C. Emfinger purchased real property from Pumpco, Inc. Mr. Emfinger paid an amount down and executed a promissory note, payable in monthly installments, for the balance. He also executed a deed of trust securing the payment of the promissory note. Mr. Emfinger had been late on numerous payments and on one occasion had been more than sixty days late. Pumpco had accepted all the late payments, prior to November, 1983.

On November 7, 1983, the trustee for Pumpco mailed Mr. Emfinger a notice of trustee's sale advising him that the note payments for September 20, 1983 and October 20, 1983 were past due, that the maturity of the note had been accelerated and a trustee's sale would occur on December 6, 1983. This sale was passed by agreement of the parties. Mr. Emfinger filed suit requesting a temporary injunction. The trustee then posted notice that the trustee's sale would be held February 7, 1984. After a hearing, the trial court denied Mr. Emfinger's request for a temporary injunction.

The issue before us is whether the trial court erred in refusing to enjoin the foreclosure. Mr. Emfinger states that Pumpco was not entitled to accelerate the maturity of the note without giving the maker notice of intent to accelerate. His position is based upon the holdings in *McGowan v. Pasol*, 605 S.W.2d 728 (Tex.Civ.App.—Corpus Christi 1980, no writ), and *Slivka v. Swiss Avenue Bank*, 653 S.W.2d 939 (Tex. App.—Dallas 1983, no writ).

▆▆▆ We believe *Ogden v. Gilbraltar Savings Association*, 640 S.W.2d 232 (Tex.

1982) to be controlling in the instant case. Our Supreme Court stated:

Where the holder of a promissory note has the option to accelerate maturity of the note upon the maker's default, equity demands notice be given of the intent to exercise the option. [citation omitted] Thus, *in the absence of a waiver*, the holder of a delinquent installment note must present the note and demand payment of the past due installments prior to exercising his right to accelerate. [citation omitted] In the case of a mortgage secured by a deed of trust, such notice must afford an opportunity to cure the default and bring home to the mortgagor that failure to cure will result in acceleration of the note and foreclosure under the power of sale. [citation omitted] If, after such notice the mortgagor fails to remedy the breach, then the mortgagee is authorized to accelerate maturity and begin foreclosure proceedings under the deed of trust. [citation omitted] (emphasis added).

The pertinent portions of the note in question are:

"If default be made in the payment, in whole or in part, of any sum due hereunder, or if default be made under the terms and provisions of this Deed of Trust securing this Note, or the terms and provisions of any security agreement, financing statement, or collateral agreement, the holder hereof shall have the right and option to declare the unpaid balance of principal and accrued interest on this Note at once due and payable without notice or demands and to foreclose all pledges and liens securing payment of same.

*"Failure to exercise this option upon any default shall not constitute a waiver of the right to exercise it in the event of any subsequent default."* (emphasis added)

---

1. On February 6, 1984, this court issued a temporary injunction preventing the foreclosure pending the outcome of this appeal.

■ The question then becomes whether the clause:

·"Failure to exercise this option upon any default shall not constitute a waiver of the right to exercise it in the event of any subsequent default" is a waiver of the "intent to accelerate" requirement. Although the clause does not speak specifically in terms of late payments, we hold its language is sufficient to constitute a waiver of the "intent to accelerate" requirement. *See, Real Estate Exchange Inc. v. Bacci,* 676 S.W.2d 440 (Tex.App.—Houston [1st Dist.] 1984, no writ).

The judgment of the trial court is affirmed.