Gene A. SHUMWAY and Sandra Shumway, Petitioners,

v.

HORIZON CREDIT CORPORATION, Respondent.

No. C–8669.

Supreme Court of Texas.

Jan. 16, 1991.

---

Debra Jo Catlett, Houston, for petitioners.

Mary Lou Leyh, Patricia Ann Hancock, Houston, for respondent.

## OPINION

HECHT, Justice.

The question presented is whether the makers of a promissory note contractually waived their rights to presentment, notice of the note holder's intent to accelerate, and notice of acceleration of the balance due on the note upon default. The trial court rendered summary judgment for the note holder, and the court of appeals affirmed. 768 S.W.2d 387. We hold that the makers waived presentment and notice of acceleration, but not notice of intent to accelerate. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

### I

Gene and Sandra Shumway borrowed the money from Horizon Credit Corporation to buy a sailboat. The Shumways signed a promissory note payable to Horizon in monthly installments over a period of fifteen years. Before the loan was repaid, the boat was damaged in an accident. The Shumways considered the damage to be past repair, but their insurer did not. Shortly after this dispute arose, the Shumways stopped paying their monthly installments to Horizon, in breach of their obligations under the note.[1]

Several months later, Horizon accelerated the payments due on the note and sued the Shumways for the entire unpaid balance plus interest.[2] Horizon moved for summary judgment, supported by its affidavit stating that it had "exercised its rights in accordance with the written agreement [*i.e.*, the note] to accelerate the Promissory Note and declare all remaining payments due and owing." The Shumways responded that Horizon should look to their

1. The Shumways' note stated: "RISK OF LOSS. Damage, destruction or other loss of the Vessel will not release me from my obligations to you." The Shumways were plainly obliged to continue making their monthly payments to Horizon whether the boat was completely destroyed or merely damaged.

2. Horizon claimed that the outstanding principal plus interest earned through February 27, 1987, was $37,777.77.

insurer for payment because the boat was a total loss. The trial court granted Horizon's motion.

In the court of appeals, the Shumways contended that the summary judgment record did not conclusively establish their liability on the note, the amount due, or proper demand and acceleration by Horizon. The appeals court rejected all their contentions. The majority of the court held that the Shumways had expressly waived demand, notice of intent to accelerate, and notice of acceleration by the following provision in the note:

> ENTIRE BALANCE DUE. If I default under this Note, you may require that the entire unpaid balance of the Amount of Loan plus accrued interest and late charges be paid at once without prior notice or demand.

768 S.W.2d at 388. One justice dissented, arguing that this language waived demand and notice of acceleration, but not notice of intent to accelerate. 768 S.W.2d at 389–91.

Now before this Court, the Shumways no longer dispute that they were in default of their obligations under the note, or that the amount of their liability was established by the summary judgment evidence. Horizon does not dispute that it neither made demand upon the Shumways for payment prior to acceleration, nor gave the Shumways notice of its intent to accelerate, or its acceleration of, the payments due under the note. Thus, the sole issue before us is whether the Shumways waived such presentment and notice under the terms of the note.

## II

■ Under the Texas Uniform Commercial Code (UCC),[3] a demand upon the maker of a promissory note to pay the note is called presentment. UCC § 3.504(a).[4] Ordinarily, the UCC does not require presentment of a note to a maker or other primarily liable party. *See* UCC § 3.501. However, presentment to the maker of a note is required before the note holder can exercise an optional right to accelerate the time for any payment due on the note. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex.1982); *Allen Sales & Servicenter v. Ryan*, 525 S.W.2d 863, 865 (Tex.1975); *Faulk v. Futch*, 147 Tex. 253, 214 S.W.2d 614, 616–17 (1948). The note holder must also notify the maker both of his intent to accelerate and of the acceleration. *Ogden*, 640 S.W.2d at 233; *Allen Sales*, 525 S.W.2d at 865; *Faulk*, 214 S.W.2d at 616–17.

Presentment and notice can be waived. UCC section 3.511(b)(1) states: "Presentment or notice or protest as the case may be is entirely excused when the party to be charged has waived it expressly or by implication either before or after it is due...."[5] As early as 1854, and as recently as 1982, this Court has recognized

---

3. All references to sections of the UCC are to those sections of the Texas Business and Commerce Code.

4. "Presentment is a demand for acceptance or payment made upon the maker, acceptor, drawee or other payor by or on behalf of the holder."

5. This has long been the rule in Texas. The predecessor to UCC section 3.511(b)(1) was section 82 of the Uniform Negotiable Instruments Act (NIA), enacted in Texas in 1919. 1919 Tex. Gen.Laws ch. 123, 190, 200. Section 82 stated in part: "Presentment for payment is dispensed with ... [b]y waiver or presentment, express or implied." Referring to this provision, the United States Supreme Court stated in *Sowell v. Federal Reserve Bank*, 268 U.S. 449, 456, 45 S.Ct. 528, 530, 69 L.Ed. 1041 (1925): "The Negotiable Instruments Law in force in Texas gives effect to stipulations waiving presentment, protest or notice of dishonor, contained in the body of the instrument, and provides that they are binding on all parties to it."

The Legislature has recently restricted waivers of presentment and notice in certain circumstances:

> Notwithstanding any agreement to the contrary, the holder of a debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or contract. The debtor must be given at least 20 days to cure the default before the entire debt is due and notice of sale is given.

Tex.Prop.Code § 51.002(d), effective January 1, 1988.

that parties to a promissory note can waive presentment and notice. *Sydnor v. Gascoigne,* 11 Tex. 449, 456 (1854); *Ogden,* 640 S.W.2d at 233. In *Ogden,* the Court stated:

> Thus, *in the absence of a waiver,* the holder of a delinquent installment note must present the note and demand payment of the past due installments prior to exercising his right to accelerate.

*Id.* (emphasis added). Texas courts of appeals have consistently followed this rule.[6]

■ We have not previously stated how definite or specific a waiver of presentment and notice must be to be effective. We have held that, as a rule, acceleration provisions must be clear and unequivocal. *Ramo, Inc. v. English,* 500 S.W.2d 461, 466 (Tex.1973); *Motor & Indus. Fin. Corp. v. Hughes,* 302 S.W.2d 386, 394 (1957). If the meaning of a term in an acceleration clause is open to reasonable doubt, it should be construed to avoid acceleration. *Ramo,* 500 S.W.2d at 466. The harshness of the option of accelerating the maturity of an extended obligation requires both a strict reading of the terms of the option and notice to the debtor. *Brown v. Hewitt,* 143 S.W.2d 223 (Tex.Civ.App.—Galveston 1940, writ ref'd), *cited in Ogden,* 640 S.W.2d at 233; *accord, Allen Sales,* 525 S.W.2d at 866. This same principle also requires that notice of intent to accelerate and notice of acceleration be clear and unequivocal. *See Ogden,* 640 S.W.2d at 234. Given that an option to accelerate an obligation can neither be created nor exercised except in terms clear and unequivocal, it follows that a waiver of the right to notice of the intent to exercise an acceleration option cannot be effective unless it meets equally exacting standards. If the right to notice could be waived in general terms, the purpose of the rule requiring precision in provisions creating an option to accelerate would be significantly impaired. We hold, therefore, that a waiver of presentment, notice of intent to accelerate, and notice of acceleration is effective if and only if it is clear and unequivocal.

■ To meet this standard, a waiver provision must state specifically and separately the rights surrendered. Waiver of "demand" or "presentment", and of "notice" or "notice of acceleration", in just so many words, is effective to waive presentment and notice of acceleration. *See, e.g., Real Estate Exchange, Inc v. Bacci,* 676 S.W.2d 440, 441 (Tex.App.—Houston [1st Dist.] 1984, no writ) (holder "shall have the option without demand or notice to the maker ... to declare this note immediately due"); *Slivka v. Swiss Avenue Bank,* 653 S.W.2d 939, 940–41 (Tex.App.—Dallas 1983, no writ) (under deed of trust, entire debt "shall, at the option of the Noteholder, become at once due and payable without demand or notice"); *Whalen v. Etheridge,*

---

6. The following opinions all recognize that presentment and notice can be waived; they do not, however, uniformly reach what would be the correct result under our holding today. *See Texas Airfinance Corp. v. Lesikar,* 777 S.W.2d 559, 563 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Stricklin v. Levine,* 750 S.W.2d 814, 815 (Tex.App.—Dallas 1988, writ dism'd); *Mercer v. Bludworth,* 715 S.W.2d 693, 699 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Hammond v. All Wheel Drive Co.,* 707 S.W.2d 734, 736 (Tex.App.—Beaumont 1986, no writ); *Cruce v. Eureka Life Ins. Co.,* 696 S.W.2d 656, 657 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Baldazo v. Villa Oldsmobile, Inc.,* 695 S.W.2d 815, 817 (Tex.App.—Amarillo 1985, no writ); *Emfinger v. Pumpco, Inc.,* 690 S.W.2d 88, 90 (Tex.App.—Beaumont 1985, no writ); *Real Estate Exchange, Inc. v. Bacci,* 676 S.W.2d 440, 441 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Cortez v. Brownsville Nat'l Bank,* 664 S.W.2d 805, 809 (Tex.App.—Corpus Christi 1984, no writ); *Slivka v. Swiss Avenue Bank,* 653 S.W.2d 939, 941 (Tex.App.—Dallas 1983, no writ); *Chapa v. Herbster,* 653 S.W.2d 594, 601 (Tex.App.—Tyler 1983, no writ); *Valley v. Patterson,* 614 S.W.2d 867, 872 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Burnett v. Manufacturer's Hanover Trust Co.,* 593 S.W.2d 755, 759 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Purnell v. Follett,* 555 S.W.2d 761, 765–66 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ); *Sylvester v. Watkins,* 538 S.W.2d 827, 832–33 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.); *Whalen v. Etheridge,* 428 S.W.2d 824, 827–28 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); *Phillips v. Whiteside,* 426 S.W.2d 350, 351 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); *Interstate Life Ins. Co. v. Turner,* 371 S.W.2d 913, 916 (Tex.Civ.App.—Waco 1963, writ ref'd n.r.e.).

428 S.W.2d 824, 827 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.) (holder may declare entire note "immediately due and payable without notice," and maker "waives demand, grace, notice, presentment for payment and protest"); *Phillips v. Whiteside,* 426 S.W.2d 350, 351 (Tex.Civ. App.—Houston [14th Dist.] 1968, no writ) (holder shall have the option "without demand and notice to the maker" to accelerate maturity, and maker waived notice and presentation for payment). Likewise, a waiver of "notice of intent to accelerate" is effective to waive that right. *See, e.g., Valley v. Patterson,* 614 S.W.2d 867, 871–72 (Tex.Civ.App.—Corpus Christi 1981, no writ) (notice of intent to accelerate is waived when note specifically states that maker "expressly waives all notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity[,] protest and notice of protest"); *Interstate Life Ins. Co. v. Turner,* 371 S.W.2d 913, 916 (Tex.Civ.App.—Waco 1963, writ ref'd n.r.e.) (same result on language identical to that in *Valley* ). However, waiver of "notice" or "notice of acceleration" does not waive notice of intent to accelerate, a separate right.[7] *See Bodiford v. Parker,* 651 S.W.2d 338, 339 (Tex.App.—Fort Worth 1983, no writ) (broad language —"the entire indebtedness ... may, at the option of the Beneficiary, ... be immediately matured and become due and payable without demand and notice of any character"—held insufficient to waive notice of intent to accelerate). Waiver of "notice" or even "all notice" or "any notice whatsoever", without more specificity, does not unequivocally convey that the borrower intended to waive both notice of acceleration and notice of intent to accelerate, two separate rights. We disapprove cases that have reached contrary results. *E.g., Stricklin v. Levine,* 750 S.W.2d at 815–16

(waiver of "demand or notice" in deed of trust and waiver of "demand, presentment for payment, notice of non-payment, protest, and notice of protest" in note held sufficient to waive notice of intent to accelerate); *Mercer v. Bludworth,* 715 S.W.2d at 698–99 (notice of intent to accelerate not required since note provided for option to accelerate "without demand or notice" and deed of trust provided for acceleration "with or without notice to First Party"); *Emfinger v. Pumpco, Inc.,* 690 S.W.2d at 90 (notice of intent to accelerate held waived by clause providing that "[f]ailure to exercise this option [to accelerate] upon any default shall not constitute a waiver of the right to exercise it in the event of any subsequent default"); *Real Estate Exchange v. Bacci,* 676 S.W.2d at 441 (holder was "under no legal duty to notify [the maker] of its intention to accelerate"; note provided for option to accelerate "without demand or notice" and contained waiver of "grace, protest, notice and presentation for payment"); *Cortez v. Brownsville Nat'l Bank,* 664 S.W.2d at 809 (waiver of "Notice, Presentment for Payment, Demand for Payment and Acceleration of Maturity, and Protest" held sufficient to waive notice of intent to accelerate); *Slivka v. Swiss Avenue Bank,* 653 S.W.2d at 941 (waiver of "demand, presentment and notice" held sufficient to waive notice of intent to accelerate); *Chapa v. Herbster,* 653 S.W.2d at 601 (broad language providing for acceleration "at the option of the Payee or other holder hereof, without presentment or demand or any notice to the Maker", and waiving "demand, presentment for payment, notice of nonpayment, protest, notice of protest and all other notice" held sufficient to waive all required notice).

### III

■ The Shumways agreed that Horizon could accelerate payment of their indebted-

---

**7.** Waiver of "notice", without referring specifically either to notice of acceleration or notice of intent to accelerate, is sufficient to waive notice of acceleration because the waiver relates to the right of acceleration in the note. It is not sufficient to waive notice of intent to accelerate because it is not clear from the acceleration provision or the waiver provision that the maker otherwise has the right to notice of intent to accelerate, in addition to notice of acceleration. Waiver of "notice", in only so many words, does not refer clearly and unequivocally either to notice of intent to accelerate, or to both types of notice.

ness "without prior notice or demand". This language was effective to waive presentment and notice of acceleration. However, because the Shumways did not specifically agree to acceleration without notice of intent to accelerate, they did not unequivocally waive this separate right by the language quoted. The ineffectiveness of the general language derives not from its simplicity, which is commendable, but its vagueness.

Without establishing either that it gave the Shumways notice of its intent to accelerate their debt, or that the Shumways waived that notice, Horizon was not entitled to summary judgment. Accordingly, we reverse the judgment of the court of appeals and remand to the trial court for further proceedings consistent with this opinion.

Concurring opinion by Justice MAUZY.

MAUZY, Justice, concurring.

In addressing the general enforceability of waiver provisions, the court overreaches. Neither the Shumways nor Horizon Credit Corporation ever raised this issue. The only question presented by the parties was whether *this* waiver provision's specific language was sufficient. Therefore, the court's general discussion of enforceability is mere dicta. I would have waited for a case in which the parties themselves raised the issue; however, since the court insists on reaching it now, I write separately.[1] I concur only because I agree with the court's judgment reversing and remanding the case.

I would hold that the contractual waiver of the maker's right to demand for pay-

ment, notice of intent to accelerate and notice of acceleration is void as against public policy and therefore unenforceable. This court has long recognized the harshness of the remedy of acceleration and has sought to mitigate its effects by imposing several equitable requirements on the holder of a promissory note. *Allen Sales and Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975); *Motor & Indus. Fin. Corp. v. Hughes*, 157 Tex. 276, 302 S.W.2d 386, 394 (1957). First, the holder must make a demand for payment of any overdue installment. *Ryan*, 525 S.W.2d at 866. This requirement seeks to avoid a forfeiture by allowing the maker to cure the default prior to the holder's acceleration of the note. *Id.* Second, a holder must give clear and unequivocal notice of intent to accelerate. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex.1982). This notice is also required to allow the maker an opportunity to cure the default. It must explicitly state that failure to cure will result in foreclosure and the possibility of a deficiency judgment. *Id.* Third, the holder must give clear and unequivocal notice that it has in fact accelerated the debt. *Ogden*, 640 S.W.2d at 234.

The reasons for requiring the holder to take these steps prior to acceleration are clear. Many promissory notes, like the one at issue, contain a "default provision" that lists the events triggering the maker's default. The holder may accelerate the note upon the occurrence of any one of these events, even though the maker may be unaware of its occurrence or the occurrence may be beyond the maker's control.[2] Further, commercial lending practices over the years, have generally revealed that: (1)

1. This opinion was originally drafted by Justice Franklin Spears prior to his departure from the court. Because I agree with the position he took, I have substantially adopted his concurrence as my own.

2. The note in this case provides that the maker is in default if:
   (1) I don't make any payment when due; or (2) break any promise made in this Note or in any related preferred ship mortgage or other security agreement effective now or in the

future; or (3) I have made any false or misleading statement in your credit application; or (4) I become unemployed or insolvent; or (5) I *do not* keep the Vessel insured as required by any preferred ship mortgage or other security agreement; or (6) I die; or (7) I file for bankruptcy or similar relief from paying my debts or creditors file for bankruptcy against me or someone other than you puts a lien on the Vessel; or (8) someone other than you puts a lien on my income or enough of my other property to interfere with my ability

the lender alone drafts the "boilerplate" terms of the note; (2) makers rarely read a waiver provision, and even if they do, they do not understand its legal significance or are without power to delete or change it; and (3) a maker's attempt to "shop around" for better terms is futile because competing lenders offer substantially the same terms. *See* RESTATEMENT (SECOND) OF CONTRACTS § 211, comment b (1981) and Rakoff, *Contracts of Adhesion: An Essay in Reconstruction,* 96 Harv.L.Rev. 1174, 1179 n. 21 (1983).

Equity demands that the maker always have a meaningful opportunity to cure any default before a holder is permitted to accelerate the note, repossess the collateral, sell it at a foreclosure sale and bring suit against the maker for a deficiency judgment. To hold otherwise places this court in the position of enforcing a contract that "no man in his senses and not under delusion would make on the one hand, and [which] no honest and fair man would accept on the other." *Earl of Chesterfield v. Janssen,* 2 Ves.Sen. 125, 155, 28 Eng.Rep. 82, 100 (1750).

The court's reasoning on the enforceability of waiver provisions conflicts with the reasoning of prior decisions which have been openly hostile toward attempted waivers of important rights. We held that an exculpatory provision exempting a landlord from liability for negligence was void as against public policy due to the unequal bargaining positions of the parties. *Crowell v. Housing Authority of City of Dallas,* 495 S.W.2d 887, 889 (Tex.1973). More recently, this court created a common-law implied warranty of good and workmanlike repair that we held could not be waived or disclaimed. *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 355 (Tex.1987). As we stated, "[i]t would be incongruous if public policy required the creation of an implied warranty, yet allowed the warranty to be disclaimed and its protection eliminated merely by a pre-printed standard form disclaimer or an unintelligible merger clause." *Id.*

The maker's rights to demand for payment, notice of intent to accelerate and notice of acceleration are valuable rights that this court should protect from skillful drafters who routinely insert waivers of these rights into pre-printed forms. If we waited for the lenders of this world to provide for these rights in their forms, or for borrowers to achieve the bargaining powers to negotiate these terms, these equitable rights simply would not exist. The court's opinion ignores reality. Borrowers do not stand in an equal bargaining position with their lenders. In pretending that they do, the court abdicates its traditional function as guardian of these equitable rights.

to make payments under the Note; or (9) the value of the Vessel decreases other than through normal wear and tear; or (10) I interfere with the federal documentation of, and preferred ship mortgage on the Vessel; or (11) I am a corporation and my shares are transferred to someone who was not a guarantor of this Note when it was signed; or (12) anything else happens that you in good faith and with reasonable cause believe may impair my ability to pay or otherwise perform under this Note.