M. ATHARI, M.D., Petitioner,

v.

Margaret E. HUTCHESON and Opal Remy, Respondents.

No. C–9211.

Supreme Court of Texas.

Jan. 16, 1991.

R.A. Eichelberger, Baytown, for petitioner.

Frank A. Hale, Ed Wheeler, Pasadena, for respondents.

PER CURIAM.

This application presents the question whether the maker of a promissory note expressly waived his separate rights to presentment, notice of intent to accelerate and notice of acceleration upon default. Because the waiver provision at issue did not clearly and unequivocally waive notice of the holders' intent to accelerate the note, we grant Athari's motion for rehearing and reverse the judgment of the court of appeals.

In 1984, Athari executed a promissory note for $795,000.00 in exchange for the real estate that secured the note. Athari was not personally liable on the note. Athari made monthly payments of $7,671.00 until July 1986, when the parties entered into a modification agreement that reduced Athari's monthly payments and made him personally liable for the deferred payments. Athari made monthly payments under the modification agreement until April 1987. The holders accelerated the note on April 13, 1987.

In their motion for summary judgment, Hutcheson and Remy asserted that they gave notice of default to Athari on April 2, 1987. Athari's affidavit, attached to his response to the motion for summary judgment, stated that he never received notice of intent to accelerate the note. The trial court granted Hutcheson's and Remy's motion. The court of appeals affirmed the trial court's judgment.

The waiver provision at issue states that the holders may accelerate the note "without further demand, notice or presentment." The word "notice" effectively waived Athari's right to notice of acceleration, but did not clearly and unequivocally waive Athari's separate right to notice of intent to accelerate. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890 (Tex.1991). Since Athari did not effectively waive notice of intent to accelerate and he contested receipt of this notice in his affidavit, an issue of fact was raised and the trial court erred in granting a summary judgment to Hutcheson and Remy. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–549 (Tex.1985).

Pursuant to Texas Rule of Appellate Procedure 170, a majority of the court grants Athari's motion for rehearing. Without hearing oral argument, we reverse the judgment of the court of appeals and remand to the trial court for further proceedings consistent with this opinion.