IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-087-CV





STEPHEN S. SMITH, ET AL.,



 APPELLANTS


vs.





FRANKLIN FEDERAL BANCORP, F.S.B.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 489,802, HONORABLE HUME COFER, JUDGE PRESIDING



 




 Franklin Federal Bancorp, a federal savings bank, recovered summary judgment
in its suit on seven promissory notes executed and delivered by Stephen S. Smith and seven other
defendants. (1) The defendants appeal. We will affirm the judgment. 



THE CONTROVERSY


 The plaintiff, Franklin Federal Bancorp, acquired the notes in the following
manner. The defendants executed and delivered their notes to Franklin Savings Association
(FSA), the payee named in the notes. They secured their debts by deeds of trust. After the
defendants defaulted in payment, FSA caused the trustee to sell the property described in the deeds
of trust. The sums realized were insufficient to pay in full the amounts owing on the promissory
notes. 

 The Federal Home Loan Bank Board, a federal agency, declared FSA insolvent,
and FSA came under the control of its appointed receiver, the Federal Savings and Loan Insurance
Corporation. The receiver, joined by FSA, sold and delivered the notes to the plaintiff. The
plaintiff sued the defendants to recover the deficiency remaining after the deduction of the sums
realized from the trustee's sale. The defendants interposed several personal defenses to the
plaintiff's claims. 

 The plaintiff and defendants moved for summary judgment. The trial court denied
the defendants' motion and granted the plaintiff's, rendering judgment for the plaintiff in the net
amount of the deficiency, together with interest, costs, and attorney's fees.


DISCUSSION AND HOLDING


 The defendants appeal to this Court on one general and five specific points of error. 
The defendants raise the central issue on appeal in their sixth point of error: Were the defendants'
notes negotiable instruments such that the plaintiff took them free from the various personal
defenses asserted in points of error two through five? The defendants contend the plaintiff took
the notes subject to their personal defenses because the notes were not "negotiable instruments."



I.


 The defendants contend their notes were not negotiable instruments because they
called for a variable rate of interest calculated according to a "T-Bill Index," the monthly average
yield of U.S. Treasury securities adjusted to a constant maturity of one year, published by the
Federal Reserve Board. The variable rate would have deprived the notes of their negotiable
character before the decision in Amberboy v. Societe de Banque Privee, 831 S.W.2d 793, 797-98
(Tex. 1992). In its decision, the Supreme Court of Texas adopted the view, held by a minority
of the states, that variable-rate notes satisfied the sum-certain requirement of Tex. Bus. & Com.
Code Ann. § 3.104(a)(2) (West 1968), provided the rates "are public" in the sense that
information necessary to calculate the variable rate is readily available to the public. Amberboy,
831 S.W.2d at 797-98. The defendants do not argue that the "T-Bill Index" was not information
readily available to the public. Nor do they argue that the amount owing on their notes was not
calculable from that information. We note, in addition, that this "T-Bill Index" was the same
measure and reference found sufficient for the purpose in Goss v. Trinity Savings & Loan Ass'n,
813 P.2d 492, 499 (Okla. 1991), one of the minority-state opinions cited with approval in
Amberboy. See 831 S.W.2d at 795. Therefore, the defendants' contention that the variable rate
of interest destroyed the negotiable character of the note cannot stand. 



II.


 The defendants contend the negative-amortization feature of the notes deprived the
notes of their negotiable character. The installment payments required by the notes were reduced
for the first five years. Because the interest rates were variable, however, it was possible that the
scheduled payments for the five years would be inadequate to cover the entire amount of interest
for the five-year period. A negative-amortization provision in the notes allowed this interest to
be deferred and added to the original principal sum stated in the notes and bearing interest as a
part thereof. Because the "T-Bill Index" basis for calculating interest did not defeat negotiability,
the negative-amortization provision did not. 



III.


 The defendants contend finally that the negotiable character of the notes ended
when FSA assigned a part of the notes to Mortgage Guaranty Insurance Corporation (MGIC),
which had insured FSA against loss on its loans to the defendants. We do not find the purported
assignment in the summary-judgment record. The record does contain a copy of an original
petition, filed by MGIC in another lawsuit, asserting a subrogation claim against the defendants
in a Travis County district court. In that petition, MGIC sued to recover that part of the
deficiency (a little over half of the deficiency) that the mortgage insurer had paid to FSA.

 In its original petition in that lawsuit, MGIC alleged as follows: "Because of
Defendants' default and foreclosure, Plaintiff was assigned that portion of the Notes to recover
such claim payments from the Defendants and is subrogated to the extent of all payments made
to the owner and holder of the Notes." (emphasis added). The petition appears to have been
verified as a true copy of the original filed in district court.

 The first issue arising from the foregoing is whether the copy of the petition raised
a fact issue on the point that FSA had indeed "assigned that portion of the Notes" to MGIC. We
conclude it did not. Even sworn pleadings filed in the cause in which summary judgment is
requested are insufficient to raise a fact issue. Hidalgo v. Surety Sav. & Loan Ass'n, 462 S.W.2d
540, 545 (Tex. 1971). Moreover, no one in either case swore that FSA did in fact assign "a
portion of the Notes" to MGIC. The only affidavit that appears simply verifies that the petition
in this case is a true copy of the one filed in the other case. The substance of the claim that FSA
once assigned "a portion of the Notes" is not verified by anyone in any respect. Having
concluded the notes were negotiable instruments, we overrule the defendants' sixth point of error. 
 


IV.


 In points of error two through five, the defendants set out affirmative defenses,
pleaded by them as personal defenses, that allegedly defeat their liability on their notes. In points
of error two, three, and five, the defendants contend the trustee's sale of their properties was void
because (1) there was no summary-judgment proof that FSA allowed the defendants a thirty-day
opportunity to cure their default, as required by the deeds of trust; (2) there was no summary-judgment proof that FSA gave defendants an unequivocal notice of its intention to accelerate the
indebtedness, as required by Shumway v. Horizon Credit Corp., 801 S.W.2d 890 (Tex. 1991);
and (3) FSA was powerless to appoint the substitute trustee who sold the properties because FSA
had previously assigned the notes to the Federal Home Loan Bank as collateral. In point of error
four, the defendants contend FSA's acceleration of the installment indebtedness and the trustee's
sale were invalid because FSA had, in the case of two defendants, mailed the requisite notices to
the wrong address. 

 The Federal Savings and Loan Insurance Corporation, the plaintiff's transferor, is
presumed to be a holder in due course under federal common law and, therefore, takes the notes
free of any personal defenses. See FSLIC v. Murray, 853 F.2d 1251, 1256 (5th Cir. 1988). The
defendants do not contend to the contrary. The FSLIC's transfer of the notes to the plaintiff
vested in the latter the former's status as holder in due course unless the plaintiff was itself a party
to a fraud or illegality affecting the notes or took them with notice of defenses against them. See
Tex. Bus. & Com. Code Ann. § 3.201 (a), (b), comment 3 (West 1968); see also Campbell
Leasing, Inc. v. FDIC, 901 F.2d 1244, 1249 (5th Cir. 1990). The defendants do not impute such
disqualifications to the plaintiff as matters in confession or avoidance, or otherwise. See Tex. R.
Civ. P. 94. Nor did the defendants raise the contrary propositions in their response to the
plaintiff's motion for summary judgment. See City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678-79 (Tex. 1979). We therefore overrule points of error two through five.

 The defendants' remaining point of error is a general contention that the trial court
erred in rendering summary judgment. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121
(Tex. 1970). Finding no error in the record, we overrule this point of error.

 For the reasons given above, we affirm the summary judgment.



 

 John Powers, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: January 13, 1993

[Do Not Publish]
1. 

 [1] The other appellants are Peggy K. Smith, Frank Wawak, Beth Wawak, Daniel Wawak,
Janet K. Wawak, Billy B. Perry, and Patsy R. Perry.