STAR FOOD PROCESSING,
INC., Appellant,

v.

Jessie Allan KILLIAN, Appellee.

No. 04–96–00718–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 17, 1997.

Rehearing Overruled Oct. 9, 1997.

George H. Spencer, Jr., Michael B. Clark, Clemens & Spencer, San Antonio, for Appellant.

David Lee Cunningham, Killian, Hayden & Cunningham, San Antonio, for Appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

LÓPEZ, Justice.

This appeal arises from the trial court's grant of a motion to disregard the jury verdict and render judgment against Star Food Processing, Inc. In nine points of error, Star Food argues that the trial court erred by:

(1) granting the motion to disregard because:

a) the stipulations and evidence support the jury's verdict,

b) appellee was precluded from accelerating the note,

c) plaintiff authorized payment by mail and the mail box rule applies, and

d) the affirmative defense of payment does not apply;

(2) denying plaintiff's motion for leave to file an amended answer; and

(3) failing to submit requested jury questions and instructions because the evidence supports their submission.

We reverse the judgment of the trial court and render judgment in favor of appellant, Star Food Processing, Inc.

### FACTS

On March 15, 1995, pursuant to an offer for the purchase of shareholders' stock, Star Food Processing, Inc. executed a promissory note in favor of Jessie Allan Killian, among other shareholders, for the principal amount of $180,000.00. The terms of the note required Star Food to pay monthly installments of $2,362.50 from March 15, 1995, through August 15, 1995; and additional payments of $4,733.69 from September 15, 1995, through March 14, 1999. The note also included a per annum interest of eight percent and a default interest rate of fifteen percent. In addition, Star Food expressly waived all "notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity, protest and notice of protest."

Star Food mailed the first installment payment on March 15, 1995, and Killian deposited the payment after receipt on March 16, 1995. The second payment came due on Saturday, April 15, 1995. On Monday, April 17, after not receiving payment, Killian spoke with her attorney about accelerating the note. On Tuesday, April 18, Killian instructed her attorney to contact Star Food and accelerate the note. Killian's attorney faxed to Star Food a notice of acceleration demanding payment of the note in full. The same day, Star Food mailed payments to all shareholders holding promissory notes. Killian received payment on Wednesday, April 19 but rejected payment pursuant to her notice

of acceleration. Thereafter, Star Food continued to send Killian monthly payments according to the terms of the note and Killian continued to return the checks because of the notice of acceleration.

Killian and three other shareholders filed suit against Star Food on May 4, 1995, seeking recovery of the accelerated balances due on their respective notes. Prior to trial, each plaintiff except Killian dismissed their claim and reinstated the terms of the original note. At the close of trial, a jury concluded that Star Food made payment prior to Killian's notice of acceleration thereby denying Killian's right to accelerate. The trial court granted Killian's motion to disregard the jury's verdict and entered a final judgment in favor of Killian. Star Food brings this appeal.

### Discussion

In points of error one, two, and three, Star Food argues that the trial court erred in granting Killian's motion to disregard the jury verdict. Star Food contends that the evidence supported the jury's verdict.

█ Generally, a trial court may disregard a jury's verdict only when there is no evidence to support it. *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 593 (Tex.1986). On appeal, we must consider all testimony in the light most favorable to the jury's verdict and indulge every reasonably deductible inference in the verdict's favor. *Alm*, 717 S.W.2d at 593; *Schaefer v. Texas Emp. Ins. Ass'n*, 612 S.W.2d 199, 201 (Tex.1980). If we find evidence to support the jury verdict, we must reverse and render judgment unless appellee asserts crosspoints showing grounds for new trial. *Basin Operating Co., Ltd. v. Valley Steel Products Co.*, 620 S.W.2d 773, 776 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). Appellee does not assert crosspoints for new trial. Accordingly, the issue before this court is whether evidence, deduced from the record, supports the jury's verdict.

█ Prior to trial, the court accepted three stipulated facts: (1) Star Food sent the first payment of two thousand three hundred and sixty-two dollars and fifty cents on March 15, 1995, to Killian by certified mail and Killian received the payment on March 16, 1995; (2) Wade Hayden, attorney for Killian, faxed a letter to Star Food accelerating the note on April 18, 1995 at 3:01 p.m.; and (3) Michele Crippen, a Star Food employee, mailed the April 15, 1995 payment on April 18, 1995 at 1:30 in the afternoon. In addition to the stipulations, the jury heard additional evidence that Star Food mailed the installment payment prior to receiving Killian's notice of acceleration. We find that the record, including the parties' stipulations, supports the jury's verdict.

Killian argues that Star Food's waiver of all notices precludes the jury's finding as a matter of law. We disagree. In Texas, notice of acceleration is ineffective unless preceded by a proper notice of intent to accelerate. *Jasper Federal Sav. & Loan Assn. v. Reddell*, 730 S.W.2d 672, 674 (Tex.1987). However, a party may contractually waive the notice requirements. *Ogden v. Gibraltar Sav. Assn.*, 640 S.W.2d 232, 233 (Tex.1982). Notice of intent to accelerate and notice of acceleration constitute two separate rights and each requires a separate waiver. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex.1991). The *Shumway* court held that waivers of notice of acceleration and notice of intent to accelerate must be stated clearly and unequivocally. *Id.*

█ In the present case, the waiver provision reads in pertinent part, "The Maker expressly waives all notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity, protest and notice of protest, as to this Note ..." This language falls within the ambit of *Shumway*, and as a matter of law, Star Food did not waive their right to a notice of acceleration. Therefore, the court properly presented the jury with a question as to whether payment was made prior to the notice of acceleration and evidence from the record supports the jury's finding. We grant points of error one, two, and three.

Appellant's fourth and fifth points of error involve Killian's trial argument that Star Food failed to plead payment as an affirmative defense. At trial, Killian argued that Star Food's failure to plead payment as an affirmative defense entitled Killian to a judg-

ment as a matter of law. In the fourth point of error, Star Food argues that the trial court erred in considering Killian's argument because payment is not applicable to this case. In the fifth point of error, Star Food argues that the trial court erred in denying Star Food's motion for leave to file amended pleadings to include payment as an affirmative defense.

 Generally, the affirmative defense of payment must be plead, stating the nature of the payments unless it is described in the plea to give the plaintiff full notice of the character of the defense. TEX.R. CIV. P. 95 (Vernon's 1997). We find the affirmative defense of payment does not apply to the present set of facts.

In the present case, Killian brought suit seeking payment based on the April 18 acceleration. Star Food does not dispute the balance of the note and does not claim that any credits are owed to Star Food because of payment. Rather, the issue turns on whether Killian had the right to accelerate the note. In this regard, Star Food plead good faith and mistake. Further, the issue submitted to the jury concerned whether Killian had the right to accelerate the note. The jury did not find that Star Food paid an amount to Killian which entitles Star Food to offsets from the balance of the note. The jury found that Killian did not have the right to accelerate the note. For these reasons, we find that payment as an affirmative defense under the Rules of Civil Procedure does not apply to this case. Accordingly, we do not discuss the trial court's denial of leave to amend the answer and we affirm appellant's fourth point of error.

In points of error six through nine, appellant alleges that the trial court erred in excluding appellant's proposed jury instructions. Star Food proposed jury instructions concerning mistake and good faith. We review the court's charge under an abuse of discretion standard. *Texas Dept. of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). The trial court's failure to submit a requested instruction constitutes reversible error if the refusal caused, or could reasonably have caused, an improper judgment. TEX.R.APP. P. 81(b)(1) (Vernon's

1997); *Chemical Exp. Carriers, Inc. v. Pina,* 819 S.W.2d 585, 589 (Tex.App.—El Paso 1991, writ denied).

The record does not reflect that appellant objected to the jury charge at the trial court and may not raise the issue for the first time on appeal. TEX.R.APP. P. 52(a) (Vernon's 1997). Even if appellant properly preserved the issue on appeal, appellant fails to demonstrate how the trial court's denial caused, or could have reasonably caused, an improper judgment. We overrule points of error six, seven, eight, and nine.

### CONCLUSION

Based on the reasons stated herein, we find that the trial court erred in granting appellee's motion to disregard the jury verdict. We render judgment in favor of appellant, Star Food, and order that appellee, Jessie Allan Killian, take nothing from her suit.