# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00259-CV

**Moosa Meschin, Appellant**

**v.**

**United States Bank National Association, As Trustee For Citigroup Mortgage Loan Trust, Inc. 2007- AHL1, Asset-Backed Pass Through Certificates Series 2007-AHL1, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-15-002141, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Moosa Meschin appeals from the trial court's grant of summary judgment in a judicial foreclosure suit.[1]  On appeal, Meschin contends that the trial court erred in granting summary judgment in favor of United States Bank National Association (US Bank) because, according to Meschin, the summary-judgment record shows that a fact issue exists as to whether the suit is barred by limitations.  We will affirm the trial court's judgment.

---

[1]  Notice of appeal for this case was originally filed in this Court on September 13, 2016, at which time the case was transferred to the El Paso Court of Appeals in compliance with a docket-equalization order issued by the Texas Supreme Court.  On April 12, 2018, the Texas Supreme Court ordered that certain cases be transferred back to this Court from the El Paso Court, and we consider this appeal pursuant to that order.  *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018) (per curiam).

**BACKGROUND**

In September 2006, Meschin executed a Texas Home Equity Note in the sum of $296,000. Meschin also executed a Texas Home Equity Security Instrument (Deed of Trust) that created a security interest in the property. Under the Note, Meschin was obligated to make monthly payments beginning November 1, 2006, until the Note matured on October 1, 2021. Both the Note and the Deed of Trust provided that if Meschin defaulted on his monthly payment obligation, the Lender could accelerate the Note—thereby requiring Meschin to pay the full amount of the balance of the Note—after giving Meschin proper notice and an opportunity to cure the default by paying the overdue amount.[2]

Beginning in August 2010, Meschin defaulted on the Note by failing to comply with his monthly payment obligations. On March 13, 2011, the Lender sent Meschin a letter informing him that he was in default and stating that if he did not cure the default by paying $22,720.41 on or before April 12, 2011, it would proceed with acceleration. On June 2, 2011, after Meschin had failed to cure the default, another letter was sent to Meschin stating that the Lender had "elected to accelerate the maturity of the debt" and that the balance of $338,675.99 was now due.

On June 1, 2015, the Lender filed suit for judicial foreclosure, *see* Tex. R. Civ. P. 735, and later moved for summary judgment on its claim, *see id.* R. 166a(a). In response to the Lender's motion for summary judgment, Meschin asserted that the motion should be denied because the

---

[2] The record shows that the Note was originally held by Accredited Home Lenders, Inc. and subsequently assigned to US Bank. In addition, America's Serving Company acted as a mortgage servicer on behalf of US Bank. Because there is no dispute that US Bank is the proper plaintiff in this foreclosure action, for clarity, we will refer to the prior noteholder, US Bank, and the mortgage servicer as "the Lender" in this opinion.

evidence showed that the Lender had failed to file suit within the applicable statute of limitations. The trial court granted the Lender's motion for summary judgment, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment is proper when the summary-judgment evidence shows that there are no disputed issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* R. 166a(c). A movant seeking traditional summary judgment on its own cause of action has the initial burden of establishing its entitlement to judgment as a matter of law by conclusively establishing each element of its cause of action. *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 905 (Tex. App.—Austin 2010, no pet.); *see Marx v. FDP, LP*, 474 S.W.3d 368, 377 (Tex. App.—San Antonio 2015, pet. denied). Once the movant meets this burden, the burden shifts to the nonmovant to defeat the motion for summary judgment by presenting evidence creating a genuine issue of material fact. *Trudy's Tex. Star*, 307 S.W.3d at 905; *see Marx*, 474 S.W.3d at 377. When, as in this case, the nonmovant relies on an affirmative defense to defeat a summary judgment, the nonmovant "must present evidence sufficient to raise a fact issue on each element of the affirmative defense." *Trudy's Tex. Star*, 307 S.W.3d at 905; *see Marx*, 474 S.W.3d at 378 (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)).

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a grant of a traditional summary-judgment motion, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id.*

**DISCUSSION**

## A. Background Law

On appeal, Meschin does not contend that the Lender failed to meet its initial burden to conclusively establish each element of its foreclosure claim. *See Trudy's Tex. Star*, 307 S.W.3d at 905. Instead, Meschin asserts that the trial court erred in granting summary judgment in favor of the Lender because he met his burden to show that a genuine issue of material fact exists on his affirmative defense of limitations.[3] *See id.*

"A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). If a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last installment. *Id.* § 16.035(e). However, if the note contains an optional acceleration clause, the cause of action accrues—and the limitations period begins to run—when the holder "actually exercises" its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

Here, it is undisputed that the Lender filed its foreclosure suit on June 1, 2015, and that the Note and Deed of Trust at issue contain optional acceleration clauses. As a result, whether the trial court's summary-judgment ruling in favor of the Lender was in error turns on whether

---

[3] In his appellate brief, Meschin raises two related issues: (1) whether the trial court erred in granting the motion for summary judgment for US Bank where the limitations period for enforcing a lien had expired, and (2) whether a genuine issue of material fact exists as to the date of acceleration. Liberally construing Meschin's arguments on appeal, we conclude that Meschin has raised what is, in effect, one issue.

a genuine issue of maerial fact exists as to whether the Lender actually exercised its option to accelerate the Note more than four years before suit was filed.

**B. Analysis**

Acceleration is a two-step process, requiring (1) a clear and unequivocal notice of intent to accelerate and (2) a clear and unequivocal notice of acceleration. *Id.* While determining the accrual date is a question of law, whether a holder has accelerated a note is a question of fact. *Id.* at 566-67.

In support of its motion for summary judgment, the Lender attached copies of the following documents, supported by affidavits: (1) the Note; (2) the Deed of Trust; (3) a March 13, 2011 letter to Meschin from the Lender; and (4) a June 2, 2011 letter to Meschin from a law firm representing the Lender. In its March 13, 2011 letter, the Lender informed Meschin that he was in default and that "to avoid the possibility of acceleration," he must correct the default by paying the total delinquency against his account. The letter also informed Meschin that if the monthly payments on his loan were not brought current by April 12, 2011, the Lender would "proceed with acceleration." In the June 2, 2011 letter, the Lender's attorney informed Meschin that the payment of the past due balance had not been received, the Lender had "elected to accelerate the maturity of the debt," and the amount of the debt was $338,675.99.

We conclude that the letters in the summary-judgment record establish that on March 11, 2011, the Lender provided Meschin with clear and unequivocal notice of its intent to accelerate and that on June 2, 2011, the Lender provided Meschin with clear and unequivocal notice of acceleration. *See id.* Consequently, Lender actually exercised its option to accelerate the Note

5

on June 2, 2011, and filed its suit less than four years later. *See* Tex. Civ. Prac. & Rem. Code § 16.035(a)

Nevertheless, Meschin argues that the Lender's suit is barred by limitations because the summary-judgment evidence establishes that the Note was actually accelerated—and thus limitations began to run—earlier than June 2, 2011. According to Meschin, the parties stipulated in the Note and Deed of Trust that two separate notices were not needed to effectively accelerate the Note, and therefore, the March 13 letter (requiring payment by April 12) operated as both a notice of intent as well as a notice of acceleration. In effect, Meschin argues that the parties agreed to waive the requirement that the Lender provide notice of acceleration (separate from a notice of intent to accelerate), and therefore, the Note automatically accelerated when the default was not cured by April 12, 2011. Thus, Meschin contends, the Lender's suit to foreclose was filed more than four years after the limitations period began to run.

A borrower under a note may waive his right to receive notice of intent to accelerate and to notice of acceleration; however, such waivers are effective if and only if they are clear and unequivocal. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 896 (Tex. 1991). In addition, because the right to notice of intent to accelerate and to notice of acceleration are two separate rights, each right must be specifically and separately waived. *Id*. at 893. Here, the Note states that in the event of a default, the Lender "may send [the borrower] written notice telling [the borrower] that if [he] do[es] not pay the overdue amount by a certain date, the [Lender] may require [the borrower] to pay immediately the full amount" of the balance on the Note. Similarly, the Deed of Trust states that the Lender "shall give notice to Borrower prior to acceleration following Borrower's breach"

6

and that "[i]f the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured." Under this language, the Lender acquires the option to accelerate the Note if, after giving notice of its intent to accelerate, the default is not cured. This language does not indicate, as Meschin contends, that the Note will automatically accelerate without any further notice if the default is not cured. In other words, although the Note and Deed of Trust are both silent with respect to the form by which the Lender must notify Meschin that it is exercising its option to accelerate, nothing in the language of the documents indicates that the parties intended to dispense with the notice-of-acceleration requirement. *See id.*

The summary-judgment evidence establishes that the Lender notified Meschin on June 2, 2011, that it was accelerating the Note, and Meschin failed to produce any evidence suggesting that the Lender actually exercised its option to accelerate prior to this date. Consequently, the statute of limitations on the Lender's suit for foreclosure began to run on June 2, 2011, and the Lender's suit was filed within four years, as required by Section 16.035 of the Civil Practice and Remedies Code. *See Wolf*, 44 S.W.3d at 566; *see also* Tex. Civ. Prac. & Rem. Code § 16.035(a). Because Meschin failed to create a genuine issue of material fact on his affirmative defense of limitations, we overrule his sole issue on appeal.

## CONCLUSION

Having concluded that the trial court did not err in granting summary judgment in favor of appellee US Bank, we affirm the judgment of the trial court.

_____

                           Scott K. Field, Justice


Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 15, 2018