

# NUMBER 13-17-00607-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

SETH RIVERA,                                  **Appellant,**

**v.**

BAPTIST FOUNDATION
OF TEXAS,                                     **Appellee.**

---

### On appeal from the 404th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Contreras and Justices Benavides and Yañez** [1]
**Memorandum Opinion by Justice Yañez**

Appellant Seth Rivera appeals the trial court's judgment, following a bench trial, in

---

[1] Retired Thirteenth Court of Appeals Justice Linda Yañez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

favor of appellee Baptist Foundation of Texas (Baptist Foundation). By his sole issue, Rivera contends the trial court erred in ruling that the statute of limitations period had not run for the collection and foreclosure of real estate. We affirm.[2]

## I. BACKGROUND

Rivera purchased real property from the Verbeek family in 1999. He made monthly lien note payments pursuant to the terms of their agreement. Rivera made his last payment on December 14, 2007. On or about April 23, 2008, Verbeek's attorney sent Rivera a "Demand for Payment" which included an optional acceleration clause. Verbeek did not foreclose on the lien.

Subsequently, Baptist Foundation inherited Verbeek's interest in the property. On or about February 9, 2016, Baptist Foundation sent Rivera a notice of foreclosure and notice of substitute trustee sale for the property. Rivera sued Baptist Foundation, seeking to enjoin Baptist Foundation from foreclosing. Baptist Foundation answered and filed a counterclaim. Rivera filed a motion for summary judgment arguing that because demand for payment was made in April 2008, the applicable four-year statute of limitations barred Baptist Foundation from foreclosing on the property eight years later, which the trial court denied. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a). On September 18, 2017,[3] the trial court held a bench trial and determined that the "Demand for Payment" was not an acceleration letter and therefore the statute of limitations had not run. The trial court

---

[2] Rivera filed a motion for rehearing on August 12, 2019. *See* TEX. R. APP. P. 49.1. We requested and received a response from Baptist Foundation. After due consideration, we withdraw our previous memorandum opinion and judgment and substitute the following memorandum opinion and accompanying judgment. Rivera's motion for rehearing is denied.

[3] In their briefs, both parties assert that a bench trial took place on September 16, 2016; however, the record reflects that a bench trial took place almost one year later on September 18, 2017.

entered a final judgment in favor of Baptist Foundation on October 4, 2017, and this appeal followed.

## II.    LEGAL SUFFICIENCY

By his sole issue, Rivera argues the trial court erred by ruling as a matter of law that the statute of limitations had not run for the collection and foreclosure of the property.[4]

## A.    Standard of Review[5]

Limitations is an affirmative defense, which Rivera bore the burden to prove. *See* TEX. R. CIV. P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). "When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In other words, the appellant must show that there is no evidence to support the finding and the evidence conclusively establishes the opposite of the finding. *Id*. We first examine the record for any evidence supporting the finding while ignoring all evidence to the contrary. *Id*. If no evidence supports the finding, then we review the entire record to determine whether the contrary proposition is established as a matter of law. *Id*. When examining a legal sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact

---

[4] Rivera states "the trial judge erred by ruling as a matter of law that the statute of limitations had not run for the collection and foreclosure" of the notes. Rivera does not cite to a standard of review; therefore, we construe his argument as a challenge to the legal sufficiency of the evidence to support the trial court's judgment. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam).

[5] Although the parties do not include a standard of review in their briefs, we will apply the standard of review for an "as a matter of law" legal sufficiency challenge. *See id.*

3

finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id*. at 827.

**B.      Applicable Law**

A foreclosure suit must be filed within four years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a).  A cause of action for foreclosure does not accrue "until the maturity date of the last note, obligation, or installment."  *Id*. § 16.035(e).  "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." *Id*. § 16.035(d).  "While accrual is a legal question, whether a lender has accelerated a note is a fact question." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001).  If a note contains an optional acceleration clause, defaulting on the note does not automatically begin the statute of limitations. *Id.* at 566.  Rather, the statute of limitations does not start to run until the lender of the note actually exercises its option to accelerate. *Id*.

"Effective acceleration requires two acts:  (1) notice of intent to accelerate, and (2) notice of acceleration." *Id*.  Each notice must be "clear and unequivocal." *Id*. (quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)).  The lender must exercise its option to accelerate "by sending both a notice of intent to accelerate and a notice of acceleration." *Id.*  "If the default has not been cured by the deadline established in the notice, the lender must then give notice of acceleration." *Karam v. Brown*, 407 S.W.3d 464, 470 (Tex. App—El Paso 2013, no pet.).  "So long as it is preceded by the required notice of intent to accelerate, notice of a trustee's sale constitutes unequivocal action indicating the debt is accelerated." *Id*.

**C.      Discussion**

4

The trial court admitted into evidence the "Demand for Payment" notice that Verbeek's attorney sent Rivera on April 23, 2008. In relevant part, the notice provided the following:

> In the event that the past due and owing amount has not been brought current by [5:00 p.m. on Tuesday, May 13, 2008], the principal balance due and owing on the note will be accelerated and I have been instructed to commence proceedings to foreclose on the property under the Deed of Trust lien.

Rivera argues that this language accelerated the note and thus triggered the four-year limitations period because it was both an unequivocal (1) notice of intent to accelerate *and* (2) notice of acceleration. We disagree. In *Holy Cross*, the Texas Supreme Court held that both notice of intent to accelerate and notice of acceleration were clear and unequivocal where the summary judgment evidence contained a deed with an optional acceleration clause, a notice of intent, and a notice of acceleration. *See* 44 S.W.3d at 568–69. The Court held that when a holder provides an optional acceleration clause, the running of limitations only accrues when the holder "actually exercises" its option to accelerate. *Id*. at 566.

In this case, Baptist Foundation did not "actually exercise" its option to accelerate. *See id*. Rather, Baptist Foundation merely provided notice of *intent* to accelerate and the option to cure. In fact, in his brief, Rivera acknowledges that Verbeek sent Rivera a "Demand for Payment and Notice of Intent to Accelerate on or about April 23, 2008." Furthermore, the language within the notice was clear and unequivocal: if payment is not made, the balance *will be* accelerated.[6] Accordingly, the notice of intent to accelerate

---

[6] The trial court stated that the language should have read "I hereby accelerate" if, indeed, it was to serve as notice of acceleration rather than notice of intent to accelerate, and we agree.

5

fulfilled only the first step of effective acceleration and did not trigger the limitations period. *See id.*; *Karam,* 407 S.W.3d at 470 (holding that by providing the debtor with notice of foreclosure four days after providing her with notice of intent to accelerate, the lender unequivocally indicated that the debt had been accelerated); *Burney v. Citigroup Global Markets Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet.) (holding that notice of filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to constitute notice of acceleration); *Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Ltd. P'ship*, 980 S.W.2d 916, 919 (Tex. App.—Fort Worth 1998, pet. denied) (holding that notice of intent to accelerate coupled with notice of foreclosure sale amounted to notice of acceleration); *McLemore v. Pacific Sw. Bank, FSB*, 872 S.W.2d 286, 292–93 (Tex. App.—Texarkana 1994, writ dism'd) (holding that notice of intent to accelerate followed by notice of trustee's sale constitutes notice of acceleration). Accordingly, we conclude that the evidence establishes, as a matter of law that the "Demand for Payment" did not accelerate the notes and therefore did not automatically trigger the statute of limitations. *See City of Keller,* 168 S.W.3d 802. We overrule Rivera's sole issue.[7]

### III. CONCLUSION

We affirm the trial court's judgment.

---

[7] In his motion for rehearing, Rivera argues that he waived notice of intent to accelerate and notice of acceleration. However, Rivera did not make this argument in his initial brief and thus waived this argument on appeal. Rivera's sole issue on appeal was that the "Demand for Payment" effectively accelerated the notes. Rivera cannot use his motion for rehearing to raise new issues on appeal. *See Phifer v. Nacogdoches Cty. Cent. Appraisal Dist.*, 45 S.W.3d 159, 166 (Tex. App.—Tyler 2000, pet. denied). (holding that a motion for rehearing does not afford an appellant the opportunity to raise new issues on appeal).

LINDA YAÑEZ,
Justice

Delivered and filed the
9th day of January, 2020.