Stanley GUMBLE and Markita
Gumble, Appellants,

v.

GRAND HOMES 2000, L.P., Appellee.

No. 05–06–00639–CV.

Court of Appeals of Texas,
Dallas.

June 29, 2007.

---

Bryan K. Gallerson, Spigner & Gallerson, P.C., Plano, for Appellant.

Greg Thompson, Grabowski & Thompson, L.L.P., Houston, and Rosalyn Renee Tippett, Henry, Oddo, Austin & Fletcher, P.C., Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice WHITTINGTON.

Stanley and Markita Gumble appeal the trial court's judgment confirming the arbitrator's award that they take nothing in their suit against Grand Homes 2000, L.P. In two issues, appellants claim the trial judge erred in ordering the parties to arbitrate and confirming the arbitrator's award that they take nothing. We affirm the trial court's judgment.

In December 2001, appellants contracted with appellee to construct a new single family home in McKinney. The contract provides that "all claims and disputes arising out of or relating to this Agreement" shall be settled by arbitration. Under the contract, the party with a claim or dispute must deliver notice of the same to the opposing party. Ten days after the notice is delivered, either party has the right to refer the claim to arbitration, and "both parties shall cooperate in obtaining such arbitration." In addition, the contract states that "[a]ny demand for arbitration shall be made within 90 days after the expiration of the 10–day period specified above, and *in the event any part[y] asserting a claim hereunder against the other party shall fail to submit such a claim for arbitration within such 90–day period, then such claim shall for all purposes be conclusively deemed to have been waived.*" (Emphasis added).

Within the first year of purchase, appellants discovered various defects in the residence. Although appellants wrote appellee requesting repairs under the purchase agreement warranty, appellee did not respond. In a letter dated July 7, 2003, appellants made a formal written demand for the repair of all the defects noted in the letter. Appellants gave appellee sixty days after receipt of the letter to respond pursuant to section 27.004 of the Texas Property Code. When appellee did not respond, appellants filed a lawsuit, alleging violations of the Texas Residential Construction Liability Act (TRCLA). Appellee filed its original answer and moved for arbitration pursuant to the parties' written contract.

Ten months later, appellee filed a motion to abate the proceedings and to compel arbitration. Although appellants opposed the motion, the trial judge granted appellee's motion and ordered the parties to arbitration. The arbitrator found appellants had "failed to timely file their claim in arbitration as required in paragraph 18 of the agreement" and ordered they take nothing against appellee. Thereafter, the trial judge entered judgment confirming the arbitrator's award. This appeal ensued.

In their second issue, appellants claim the trial judge erred in confirming the arbitrator's take nothing award in favor of appellee. Under this issue, appellants claim the arbitrator failed to apply the provisions of TRCLA and that we must therefore reverse this judgment. We disagree.

■ Texas has long favored arbitration of disputes. *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 245 (Tex.2002); *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 898 (Tex.1995). An arbitration award has the same effect as a trial court's judgment; as such, it is "entitled to great deference in a court of law." *CVN Group, Inc.,* 95 S.W.3d at 245 (citing *City of San Antonio v. McKenzie Constr. Co.,* 136 Tex. 315, 150 S.W.2d 989, 996 (1941) and *Bailey & Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.-Dallas 1987, writ ref'd n.r.e.)). We indulge every reasonable presumption to uphold an arbitrator's decision. *CVN Group, Inc.,* 95 S.W.3d at 245.

■ A trial court may set aside an arbitration award only in limited circumstances; absent specific common-law or statutory grounds for vacating, modifying, or correcting an award, the reviewing court must confirm it. *CVN Group, Inc.,* 95 S.W.3d at 245 (*citing* TEX. CIV. PRAC. & REM.CODE ANN. § 171.087 (Vernon 2005) and *L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 351–52 (Tex.1977)). Under section 171.088 of the civil practices and remedies code, a court may vacate an award if it is shown that

(i) the award was obtained by corruption, fraud, or other undue means;

(ii) the rights of a party were prejudiced by evident partiality by an arbitrator appointed as a neutral arbitrator; corruption in an arbitrator; or misconduct or wilful misbehavior of an arbitrator;

(iii) the arbitrators exceeded their powers; refused to postpone the hearing after a showing of sufficient cause for the postponement; refused to hear evidence material to the controversy; or conducted the hearing, contrary to section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or

(iv) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.088 (Vernon 2005). At common law, a court may overturn an award if it is "unconstitutional or otherwise violates public policy." *CVN Group, Inc.,* 95 S.W.3d at 238. And, "on application of a party, a court shall vacate an award in a residential construction arbitration upon a showing of manifest disregard for Texas law." TEX. PROP.CODE ANN. § 438.001 (Vernon 2007).

Appellants do not allege the award is unconstitutional or violates public policy, nor do they claim the award should be vacated for any of the grounds set forth in section 171.088. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.088. Appellants do not argue the award should be vacated because it shows a "manifest disregard for Texas law." Rather, the issue presented to us in appellants' second issue is whether the trial judge erred in confirming the arbitrator's award because the arbitrator failed to apply the provisions of TRCLA as appellants' exclusive remedy for construction defects in their new residence.

■ Initially, we question whether appellants have preserved this issue for our review. In this case, appellants did not file in the trial court a motion to vacate the arbitrator's award or any objection to the award. As a general rule, a party is required to present a complaint to the trial judge before being allowed to raise the issue on appeal. *See In re L.M.I.,* 119 S.W.3d 707, 711 (Tex.2003) (to preserve issue for appellate review, including constitutional error, party must present to trial court timely request, motion, or objection, state specific grounds therefor, and obtain ruling); *Pierce v. Tex. Racing Comm'n,*

**4** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

212 S.W.3d 745, 760 (Tex.App.-Austin 2006, pet. denied) (appellant waived complaint because he did not, orally or in writing, bring to administrative law judge's attention his complaint that burden of proof had been improperly placed on him); *Henry v. Henry*, 48 S.W.3d 468, 481 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (appellant waived fee award by failing to make timely and sufficiently specific objection to award in trial court); *Kiefer v. Cont'l Airlines, Inc.*, 10 S.W.3d 34, 41 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (party who failed to complain of sanction and failed to ask trial court to reconsider its actions waives complaint on appeal); *Star Food Processing, Inc. v. Killian*, 954 S.W.2d 124, 127 (Tex.App.-San Antonio 1997, pet. denied) (appellant not entitled to raise issue for first time on appeal when record did not reflect that appellant objected to jury charge in trial court); *Andrews v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 568–69 (Tex.App.-Houston [14th Dist.] 1990, writ denied) (point of error cannot raise objection to evidence for first time on appeal). Thus, it is unclear whether this issue is preserved.

▇ Nevertheless, we note additional reasons for rejecting appellants' arguments. Appellants have not presented a record of the arbitration proceedings to support their claim. The lack of a record of the arbitration proceedings prevents review of this issue. *See Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 706 (Tex.App.-Fort Worth 2006, pet. filed); *Jamison & Harris v. Nat'l Loan Investors*, 939 S.W.2d 735, 737 (Tex.App.-Houston [14th Dist.] 1997, writ denied) (no reviewable issue when appellants failed to furnish record of arbitration proceedings to substantiate claim). Because this Court has no record to review, we are unable to address appellants' complaint. We overrule appellants' second issue.

▇ Under their first issue, appellants contend the trial judge erred in ordering the parties to arbitration because appellee's motion to compel arbitration was untimely. This is an argument appellants should have raised at the time the trial judge ordered the case to arbitration. Mandamus lies over an order granting a motion to compel arbitration. *Mohamed v. Auto Nation USA Corp.*, 89 S.W.3d 830, 834 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *see In re Godt*, 28 S.W.3d 732, 738 (Tex.App.-Corpus Christi 2000, orig. proceeding); *see also Freis v. Canales*, 877 S.W.2d 283, 284 (Tex.1994). Appellants did not file a petition for writ of mandamus with respect to the trial court's order to compel arbitration; therefore, this complaint is untimely. Furthermore, as noted previously, in this appeal from the trial court's judgment confirming the arbitrator's award, appellants are limited to appealing only those issues that are statutory or common-law grounds for vacating, modifying, or correcting the award. Because this issue does not raise one of those grounds, we will not address it. *See Callahan & Assoc. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex.2002) (appellate court erred in reversing judgment confirming award when ground raised was not statutory or common law ground for vacating, modifying, or correcting arbitration award). We overrule appellants' first issue.

We affirm the trial court's judgment.