Affirmed and Memorandum Opinion filed April 8, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00613-CV

___________________

 

Long Lake, Ltd., Appellant

 

V.

 

Julie Heinsohn, Appellee



 



 

On
Appeal from the 164th District Court

Harris County,
Texas



Trial Court Cause No. 2007-49889

 



 

 

MEMORANDUM  OPINION

            This
case, which arises from a dispute concerning the allegedly defective
construction of a residence, was arbitrated pursuant to the Federal Arbitration
Act, and the trial court confirmed the award.  Appellant contends the trial
court erred in confirming the award, but because the record is incomplete,
appellant’s arguments present nothing for our review.  We therefore affirm the
trial court’s judgment. We deny appellee’s motion for expedited consideration
and her request for attorneys’ fees.

 

I.  Factual and Procedural
Background

            Julie
Heinsohn sued Long Lake, Ltd. in district court for alleged fraud in a real
estate transaction.  The case was stayed while the dispute was arbitrated
pursuant to the Federal Arbitration Act.  The arbitrator issued an order awarding
Heinsohn damages of approximately $147,395, which included $50,100 for the
costs to cure the defect and $50,100 in attorneys’ fees.  Long Lake moved to
vacate part of the award, arguing that the damages awarded for Heinsohn’s
attorneys’ fees and her costs to cure the construction defect were really
impermissible diminution-in-value damages.  Pursuant to Texas Property Code
section 438.001, Long Lake asked the trial court to vacate the award of these
damages on the grounds that they were awarded in manifest disregard of Texas
law.  See Act of June 2, 2003, 78th Leg., R.S., ch. 458, § 1.01,
2003 Tex. Gen. Laws 1703, 1721–22 (expired Sept. 1, 2009) (“[A] court shall
vacate an award in a residential construction arbitration upon a showing of
manifest disregard for Texas law.”).  In support of the motion, Long Lake
relied on the affidavit of Pascal Paul Piazza, one of its attorneys, who stated
that Heinsohn’s expert witness Charles Cotrone testified at the arbitration only
as to the diminution in the value of Heinsohn’s home.  

            The day
after filing the motion, Long Lake filed two volumes of documents it entitled
“Record: Pleadings/Instruments” and three volumes of material Long Lake
referred to as “Record: Exhibits.”  The covering document to each volume is
unsigned.  Volumes 1 and 2 of “Record: Exhibits” contain identical tables identified
as “Claimant’s Exhibit List.”  Each table contains a column listing forty-two
exhibits followed by columns labeled “Offer,” “Obj.,” “Admit,” and “N/Admit”;
each cell in these columns is blank.  Volume 3 of “Record: Exhibits” contains
two copies of a table labeled “Long Lake, Ltd.’s Exhibits.”  One column in the
table describes exhibits numbered 43 through 58, and the remaining three
columns, labeled “Offer,” “Objection,” and “Admitted,” are blank.

            Heinsohn
moved to confirm the arbitrator’s award, and in response to Long Lake’s motion,
pointed out that the arbitration proceedings were not transcribed and no
official record of those proceedings exists.  The trial court denied Long
Lake’s motion to vacate and confirmed the arbitrator’s award.  

            On appeal, Heinsohn
moved for expedited consideration.  In addition, she asks that we award her attorneys’
fees pursuant to Texas Rule of Appellate Procedure 45, which permits us to
award damages for frivolous appeals of civil cases.

II.  Issues

            In two
issues and seven sub-issues, Long Lake challenges the trial court’s order
confirming the arbitrator’s award and denying Long Lake’s motion to vacate the
award.

III.  Analysis

A.        Long Lake’s
Arguments

            According to
Long Lake, the arbitrator wanted to award damages to Heinsohn for diminution in
the value of her home, but because he knew that such an award was contrary to
Texas law, he simply relabeled half of such damages as “costs to cure” and half
of them as “attorneys’ fees.”  In effect, these allegations challenge the
sufficiency of the evidence supporting the arbitrator’s awards of attorneys’
fees and costs of cure.  

            Although
there are many reasons why Long Lake’s contentions do not provide grounds for vacating
the award, we need not address them all.  See Tex. R. App. P. 47.1 (“The court of appeals must hand down a
written opinion that is as brief as practicable but that addresses every issue
raised and necessary to final disposition of the appeal.”).  It is sufficient
to point out that these allegations cannot be evaluated without a complete
record of the arbitration proceedings, and none exists.  See Gumble v. Grand
Homes 2000, L.P., No. 05-06-00639-CV, 2007 WL 1866883, at *3 (Tex.
App.—Dallas June 29, 2007, no pet.) (explaining that absent a record of the
arbitration proceedings, the court cannot evaluate an argument that the
arbitrator failed to apply exclusive remedies for residential construction
defects); GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd., 126 S.W.3d 257,
263 (Tex. App.—San Antonio 2003, pet. denied) (stating that without a record,
the court has “no way of judging” whether allegations of arbitrator’s gross
mistake were supported).

            It is
well-established that an arbitration award has the effect of a judgment of a
court of last resort.  CVN Group, Inc. v. Delgado, 95 S.W.3d 234, 238
(Tex. 2002).  As such, it is entitled to great deference, and every reasonable
presumption is indulged to uphold the arbitrator’s decision.  Id.  A
non-prevailing party seeking to vacate an arbitrator’s award therefore bears
the burden to produce a complete record establishing the claimed basis for
relief.  Anzilotti v. Gene D. Liggin, Inc., 899 S.W.2d 264, 267 (Tex.
App.—Houston [14th Dist.] 1995, no writ).  Without a transcription of the
arbitration proceedings, courts must presume that adequate evidence supports
the award.  See, e.g., In re Chestnut Energy Partners, Inc., 300
S.W.3d 386, 401 (Tex. App.—Dallas 2009, pet. filed); Statewide Remodeling,
Inc. v. Williams, 244 S.W.3d 564, 568–69 (Tex. App.—Dallas 2008, no pet.); Jamison
& Harris v. Nat’l Loan Investors, 939 S.W.2d 735, 737 (Tex.
App.—Houston [14th Dist.] 1997, writ denied); Grand Homes 96, L.P. v.
Loudermilk, 208 S.W.3d 696, 706 (Tex. App.—Fort Worth 2006, pet. denied); Kline
v. O’Quinn, 874 S.W.2d 776, 783 (Tex. App.—Houston [14th Dist.] 1994, writ
denied); House Grain Co. v. Obst, 659 S.W.2d 903, 906 (Tex. App.—Corpus
Christi 1983, writ ref’d n.r.e.).  

            Long Lake
argues that these cases are outdated and inapposite because they were decided
before the legislature enacted section 171.093 of the Civil Practice and
Remedies Code,[1]
or rely on cases decided before the statute was enacted.  This statute provides
that “[t]he court shall hear each initial and subsequent application [to
confirm or vacate an arbitration award] in the manner and with the notice
required by law or court rule for making and hearing a motion filed in a
pending civil action in a district court.”  Tex. Civ. Prac. & Rem. Code Ann. § 171.093 (Vernon 2005).
 This statute does not dispense with the requirement of a record; to review an
arbitration award to determine whether an arbitrator failed to apply exclusive
remedies there must be a record of the arbitration proceedings.  As the
above-cited cases illustrate, the lack of a complete record of the arbitration
proceedings has precluded review both before and after section 171.093 was
enacted.  

            Contrary to
Long Lake’s arguments, the absence of a record of the arbitration proceedings
is not cured by the documents and the affidavit Long Lake filed in the trial
court.  See Shulte v. Hoffman, 18 Tex. 678, 681–82, 1857 WL 5022,
at *3 (1857) (“To set aside an award there must be something more than the
party’s own affidavit that the arbitrators
did not give due weight and consideration to the evidence before them.”); Statewide
Remodeling, 244 S.W.3d at 569 (“Neither the attorneys’ recollection of what
testimony was or was not before the arbitrator nor the attachments to the
motion to vacate provide a complete record of the arbitration proceedings.”).  

            Long Lake further
asserts that Texas Rule of Appellate Procedure 34.6(c)(4) required the trial
court to presume that the record before it was complete, but the Rules of
Appellate Procedure do not apply to a civil proceeding in a district court.  See
Tex. R. App. P. 1.1; Tex. R. App. P. 3.1(b).  Long Lake’s
reliance on rules applicable to motions for summary judgment is similarly
unavailing because Long Lake did not file a motion for summary judgment.  In
sum, the absence of a complete record of the arbitration proceedings precludes
review of Long Lake’s arguments.  We therefore overrule the issues Long Lake presents
on appeal.  




 

B.        Heinsohn’s Requests
for Relief

            If a court
of appeals determines an appeal is frivolous, it may, after notice and a
reasonable opportunity for response, award just damages to the prevailing
party.  Tex. R. App. P. 45.  Heinsohn
argues that because there is no complete record of the arbitration proceedings,
Long Lake’s appeal is frivolous, and she asks that we exercise our discretion
to require Long Lake to pay her attorneys’ fees.  

            We exercise such
discretion “with prudence, caution, and after careful deliberation,” imposing
sanctions only when the circumstances are truly egregious.  Baker Hughes
Oilfield Operations, Inc. v. Hennig Prod. Co., 164 S.W.3d 438, 448 (Tex.
App.—Houston [14th Dist.] 2005, no pet.).  Such circumstances include failure
to present a complete record, raising unpreserved errors that were not asserted
in the trial court, failure to file a response to a request for appellate
sanctions, and filing an inadequate brief.  Tate v. E.I. Du Pont de Nemours
& Co., 954 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1997, no
pet.).  

            Here, Long
Lake failed to provide a complete record of the arbitration proceedings and
failed to respond to Heinsohn’s request for sanctions, but its arguments,
although novel, were adequately briefed and it has not attempted to raise new
issues on appeal.  We are not persuaded that the record in this case evidences
such egregious circumstances that sanctions against Long Lake are warranted.  See
Baker Hughes, 164 S.W.3d at 448.

            Heinsohn
also filed an unverified motion asking us to expedite our ruling.  We deny the
motion as moot.


IV.  Conclusion

            Because the
record does not support either party’s requests for relief, we overrule each of
the issues presented by Long Lake, deny Heinsohn’s request for attorneys’ fees
and her motion to expedite the appeal, and affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

 









[1] See Act of May 8,
1997, 75th Leg., R.S., ch. 165, § 5.01, 1997 Tex. Gen. Laws 327, 335 (eff.
Sept. 1, 1997).