**Reversed and Remanded and Memorandum Opinion filed November 23, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00520-CV

---

## TAYLOR MORRISON OF TEXAS, INC. AND TAYLOR WOODROW COMMUNITIES-LEAGUE CITY, LTD., Appellants

## V.

## ADAM KLEIN AND JAQUELINE KLEIN, Appellees

---

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 20-CV-0530**

---

## NO. 14-20-00532-CV

---

## TAYLOR MORRISON OF TEXAS, INC. AND TAYLOR WOODROW COMMUNITIES-LEAGUE CITY, LTD., Appellants

## V.

## CAMERON D. LAIRD, Appellee

# M E M O R A N D U M   O P I N I O N

In these consolidated interlocutory appeals, appellants Taylor Morrison of Texas, Inc. and Taylor Woodrow Communities-League City, Ltd. (together, "Taylor") challenge the trial court's orders denying their motions to compel arbitration.  For the reasons below, we reverse the trial court's orders.

## BACKGROUND

In January 2015, appellee Cameron D. Laird purchased from Taylor a home in League City.  In connection with the sale, Laird and Taylor executed a Purchase Agreement.   Appellees Adam and Jacqueline Klein (together with Laird, "Appellees") also purchased a League City home from Taylor in November 2016 and signed a similar Purchase Agreement.  These Purchase Agreements contained identical arbitration provisions.

In two separate lawsuits filed in April 2020, Appellees asserted claims against Taylor alleging that construction defects in their homes caused significant mold growth.  Taylor filed a motion to compel arbitration in each case, asserting that the parties were bound by the Purchase Agreements' arbitration provisions.  In relevant part, these arbitration agreements state:

11) Dispute Resolution – Arbitration:

Any and all claims, controversies, breaches or disputes by or between the parties hereto, arising out of or related to this purchase agreement, the property, the subdivision or community of which the property is a part, the sale of the property by seller, or any transaction related hereto, whether such dispute is based on contract, tort, statute, or equity, . . . shall be arbitrated pursuant to the Federal Arbitration Act

and subject to the procedures set forth as follows:

a. This arbitration agreement shall be deemed to be a self-executing arbitration agreement. Any dispute concerning the interpretation or the enforceability of this arbitration agreement, including without limitation, its revocability or voidability for any cause, any challenges to the enforcement or the validity of the agreement, or this arbitration agreement, or the scope of arbitrable issues under this arbitration agreement, and any defense relating to the enforcement of this arbitration agreement, including without limitation, waiver, estoppel, or laches, shall be decided by an arbitrator in accordance with this arbitration agreement and not by a court of law.

b. In the event that a dispute arises between the parties, such dispute shall be resolved by and pursuant to the arbitration rules and procedures of [the] American Arbitration Association in effect at the time the request for arbitration is submitted. In the event the American Arbitration Association is for any reason unwilling or unable to serve as the arbitration service, then the parties shall select another reputable arbitration service.

Appellees filed identical responses to the motions to compel. Requesting that the motions be denied, Appellees asserted that the arbitration agreements were unconscionable and that certain of their claims were outside the agreements' scope.

On July 23, 2020, the trial court signed an order in each of the Appellees' cases stating:

Having reviewed the motions, briefings and argument of counsel in a hearing held June 24, 2020, the Court DENIES the Defendant's Motion to Compel Arbitration. The Court finds that the arbitration clause cited by Defendants contains provisions that are vague, ambiguous, in conflict with each other and unconscionable in that it purports to invalidate or waive substantive rights and remedies authorized by statute.

The Court further finds that the arbitration provision results in the overall costs of arbitration to be excessive compared to litigation in this Court.

3

The parties are ORDERED to agree to an alternative arbitration service or arbitrator. If the parties are unable to agree, the COURT shall select an arbitrator from a list of three names proposed by each party.

Taylor filed a notice of interlocutory appeal in each of the cases. *See* 9 U.S.C.A. § 16(a)(1)(C); Tex. Civ. Prac. & Rem. Code Ann. § 51.016. Because these appeals address the same arbitration agreements and raise the same issues, we consider them together.[1]

## ANALYSIS

In its sole issue on appeal, Taylor argues the trial court erred by denying its motions to compel arbitration because the arbitration agreements at issue contain a delegation clause delegating to the arbitrator gateway questions of arbitrability.

## I. Standard of Review

We review the denial of a motion to compel arbitration for an abuse of discretion. *Berry Y&V Fabricators, LLC v. Bambace*, 604 S.W.3d 482, 485 (Tex. App.—Houston [14th Dist.] 2020, no pet.). When an appeal from such an order turns on a legal determination, however, we apply a *de novo* standard of review. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 55 & n.9 (Tex. 2008).

## II. Governing Law

The parties do not dispute that the arbitration agreements at issue are governed by the Federal Arbitration Act ("FAA"). *See* 9 U.S.C.A. §§ 1-16. In general, a party seeking to compel arbitration under the FAA must establish (1) the existence of a valid, enforceable arbitration agreement and (2) that the claims asserted fall within the scope of that agreement. *Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014); *see also In re Rubiola*, 334 S.W.3d

---

[1] The parties also filed identical appellants' and appellees' briefs in both cases.

220, 223 (Tex. 2011) (orig. proceeding) (addressing the movant's burden under the FAA). If the movant establishes that an arbitration agreement exists, the burden then shifts to the party opposing arbitration to establish a defense to the arbitration agreement. *Berry Y&V Fabricators, LLC*, 604 S.W.3d at 485-86; *Garg v. Pham*, 485 S.W.3d 91, 102 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A party may defend against the enforceability of the arbitration agreement only on grounds that exist at law or in equity for the revocation of a contract. *Berry Y&V Fabricators, LLC*, 604 S.W.3d at 486 (citing 9 U.S.C.A. § 2).

The Texas Supreme Court has delineated three distinct ways to challenge the validity of an arbitration clause: (1) challenging the validity of the contract as a whole; (2) challenging the validity of the arbitration provision specifically; and (3) challenging whether an agreement exists at all. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 124 (Tex. 2018); *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 187 (Tex. 2009) (orig. proceeding). The arbitrator decides the first type of challenge as a matter of law. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006); *RSL Funding, LLC*, 569 S.W.3d at 124. The second type of challenge generally must be resolved by the court. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402-04 (1967); *Longoria v. CKR Prop. Mgmt., LLC*, 577 S.W.3d 263, 267 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

But parties have the right to contract as they see fit and may delegate to the arbitrator questions concerning the validity or enforceability of an arbitration agreement. *See Rent-A-Ctr., W., Inc.*, 561 U.S. at 69; *RSL Funding, LLC*, 569 S.W.3d at 121. These clauses are enforced when the delegation is clear and unmistakable. *See Rent-A-Ctr., W., Inc.*, 561 U.S. at 69; *RSL Funding, LLC*, 569 S.W.3d at 121; *see, e.g., Berry Y&V Fabricators, LLC*, 604 S.W.3d at 487-88;

*Trafigura Pte. Ltd. v. CNA Metals Ltd.*, 526 S.W.3d 612, 616 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The court may not intervene in evaluating delegated issues "unless the party opposing arbitration challenges the delegation clause specifically on legal or public policy grounds." *Berry Y&V Fabricators, LLC*, 604 S.W.3d at 487 (citing *Rent-A-Ctr., W., Inc.*, 561 U.S. at 72; *RSL Funding, LLC*, 569 S.W.3d at 121); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract . . . [and] possesses no power to decide the arbitrability issue.").

### III.  Application

In the trial court and on appeal, Appellees argued that the arbitration agreements are unconscionable and unenforceable because (1) they deprive Appellees of certain remedies afforded to them under Texas law; (2) they are one-sided in favor of Taylor; and (3) the costs required to be paid by Appellees are excessive compared to other arbitration services. Appellees also contend that some of their claims are outside of the arbitration agreements' scope. In response, Taylor asserts that the arbitration agreements delegate to the arbitrator issues like these regarding the agreements' enforceability and scope.

We agree with Taylor. An arbitration agreement is interpreted under contract principles and the language contained therein is enforced according to its plain meaning. *See Branch Law Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Aldridge v. Thrift Fin. Mktg., LLC*, 376 S.W.3d 877, 883 (Tex. App.—Fort Worth 2012, no pet.). As set forth above, the parties' arbitration agreements include a broad delegation clause:

> c. This arbitration agreement shall be deemed to be a self-executing arbitration agreement. Any dispute concerning the interpretation

or the enforceability of this arbitration agreement, including without limitation, its revocability or voidability for any cause, any challenges to the enforcement or the validity of the agreement, or this arbitration agreement, or the scope of the arbitrable issues under this arbitration agreement, and any defense relating to the enforcement of this arbitration agreement, including without limitation, waiver, estoppel, or laches, shall be decided by an arbitrator in accordance with this arbitration agreement and not by a court of law.

Plainly read, this clause delegates to the arbitrator any questions regarding (1) the interpretation and enforceability of the arbitration agreement; (2) its revocability or voidability for any cause; (3) any challenges to its enforcement or validity; (4) the scope of arbitrable issues; and (5) any defenses relating to the enforcement of the arbitration agreement.

The unconscionability defenses Appellees raise challenge the enforceability and validity of the arbitration agreements. But under the plain terms of the delegation clause, the resolution of these issues was clearly and unmistakably delegated to the arbitrator. *See, e.g.*, *Berry Y&V Fabricators, LLC*, 604 S.W.3d at 485, 487 (the arbitration agreement delegated to arbitrator "any question or dispute concerning whether any Claims are subject to arbitration"; this clause included the appellee's public policy challenge to the arbitration agreement); *see also Darling Homes of Tex., LLC v. Khoury*, No. 01-20-00395-CV, 2021 WL 1918772, at *8 (Tex. App.—Houston [1st Dist.] May 13, 2021, no pet. h.) (mem. op.) (the arbitration agreement delegated to the arbitrator "[a]ny dispute concerning the interpretation or the enforceability of this arbitration agreement"; this clause included the appellees' substantive unconscionability challenges); *Hawdi v. Mutammara*, No. 01-18-00024-CV, 2019 WL 3418506, at *1, *4 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.) (the arbitration agreement delegated to the arbitrator "any dispute or controversy regarding the validity,

7

interpretation, or enforceability of this agreement"; this clause included the appellant's substantive arbitrability gateway questions).

Likewise, the arbitration agreements also delegate to the arbitrator any dispute regarding "the scope of the arbitrable issues under this arbitration agreement". Therefore, Appellees' challenge regarding whether some of their claims fall outside the agreements' scope also is reserved for the arbitrator's determination. *See, e.g., Dow Roofing Sys., LLC v. Great Comm'n Baptist Church*, No. 02-16-00395-CV, 2017 WL 3298264, at *7 (Tex. App.—Fort Worth Aug. 3, 2017, pet. denied) (mem. op.) (arbitration agreement delegated to the arbitrator questions regarding the arbitration provision's scope).

Moreover, the parties' arbitration agreements specifically incorporate the American Arbitration Association ("AAA") rules.[2] The AAA rules empower the arbitrator to decide issues of arbitrability, including the validity or enforceability of the arbitration agreement. *See* Am. Arbitration Ass'n, Commercial Arbitration Rules & Mediation Procedures, R-7(a) (amended and effective Oct. 1, 2013) ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."), *available at* https://adr.org/sites/default/files/CommercialRules_Web.pdf.

"This court has held that when a broad arbitration agreement exists between the parties, and when that agreement incorporates arbitration rules specifically empowering the arbitrator to decide issues of arbitrability, then the incorporation of those rules constitutes clear and unmistakable evidence of the parties' intent to

---

[2] This provision states that, "[i]n the event that a dispute arises between the parties, such dispute shall be resolved by and pursuant to the arbitration rules and procedures of [the] American Arbitration Association in effect at the time the request for arbitration is submitted."

delegate arbitrability to the arbitrator." *Berry Y&V Fabricators, LLC*, 604 S.W.3d at 487 (citing *Trafigura Pte. Ltd.*, 526 S.W.3d at 616-18). This conclusion also has been reached by several of our sister courts of appeals as well as the Fifth Circuit and other federal appellate courts. *See MP Gulf of Mex., LLC v. Total E&P USA, Inc.*, No. 12-20-00180-CV, 2020 WL 7392768, at *3 (Tex. App.—Tyler Dec. 16, 2020, pet. filed) (mem. op.) (collecting cases).

Accordingly, in light of the arbitration agreements' delegation clause and incorporation of the AAA rules, the challenges Appellees raise with respect to the agreements' enforceability and scope only may be determined by the arbitrator. *See Berry Y&V Fabricators, LLC*, 604 S.W.3d at 485, 487.

As we stated above, courts may not intervene in evaluating delegated issues unless the party opposing arbitration specifically challenges the delegation clause. *See id*. at 487. Here, Appellees' brief raises the following argument that may be construed as a challenge to the delegation clause:

> In scrutinizing the [arbitration agreement], which [Taylor] exclusively drafted, it directly contradicts FAA rules and as such it is unenforceable. The paragraph essentially states that an arbitrator, (who would have to be selected and compensated), would have the right to determine if any or all claims should be arbitrated. This is unconscionable as the ability or optics of an unbiased, third-party, compensated, arbitrator, to determine that a case or claims within a case are able to be arbitrated is circular in its logic and indefensible.

In essence, this portion of Appellees' brief appears to contend that an arbitrator is unqualified to determine issues of arbitrability. Appellees did not cite any case law or other authority to support this contention.

Case law supports the opposite conclusion. As we recently stated, "[t]he United States Supreme Court has been very clear that arbitrators are competent to decide any legal or factual issues the parties commit to their determination,

9

including threshold issues of arbitrability such as whether an enforceable arbitration agreement exists." *Id.* at 486 (citing *Rent-A-Ctr., W., Inc.*, 561 U.S. at 69-70; *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 268-69 (2009); and *RSL Funding, LLC*, 569 S.W.3d at 121). Therefore, Appellees' challenge does not foreclose enforcement of the delegation clause.

We sustain Taylor's sole issue on appeal and conclude the trial court erred by denying Taylor's motions to compel arbitration.

## CONCLUSION

Because the parties delegated to the arbitrator all questions regarding the arbitration agreements' enforceability and scope, Appellees' challenges must be decided by the arbitrator. Therefore, we reverse the trial court's July 23, 2020 orders.

/s/    Meagan Hassan
        Justice

Panel consists of Justices Wise, Spain, and Hassan.