

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00063-CV
_____

A&A INSTALLATIONS, INC., APPELLANT

V.

HKT MANAGEMENT CORP., APPELLEE

On Appeal from the 153rd District Court
Tarrant County, Texas[1]
Trial Court No. 153-343253-23, Honorable Susan H. McCoy, Presiding

August 29, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, A&A Installations, Inc., appeals from an order confirming an arbitration award and final judgment in favor of HKT Management Corp. By this appeal, A&A raises three issues. We affirm the judgment of the trial court.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

BACKGROUND

In June of 2023, HKT filed suit in the 153rd District Court of Tarrant County asserting claims against Ali Safi and his company, A&A, relating to the construction of a commercial project in Ben Thanh Plaza, a shopping center catering to international businesses and consumers in Arlington. Safi and A&A filed an answer and asserted a counterclaim against David Dang, the president/owner of HKT. HKT filed its motion to compel arbitration in accordance with an arbitration provision in the commercial construction agreement which provides:

> 15. ARBITRATION: if there is any dispute arising between Contractor/Subcontractors and Owner, then it is owner['s] choice to submit to arbitration or file suit directly to any court. The expenses incurred shall be paid by Contractor.

Safi and A&A did not file a response to the motion to compel arbitration. After a hearing, the trial court entered its order compelling arbitration.

The arbitrator entered a preliminary hearing report, scheduling order, and notice of hearing which contained an agreement of the parties to consolidate a lawsuit filed by Dang against Safi and A&A arising from a residential remodeling project for Dang which was pending in the 67th District Court of Tarrant County.[2] The arbitrator conducted an arbitration hearing and issued an award. The arbitrator concluded that Dang was entitled to damages of $76,159.22, attorneys' fees of $80,010.00, and expenses of $4,881.78 on

---

[2] This lawsuit was referred to as the "homestead project." The parties also agreed to file a joint notice of nonsuit of the homestead project within three days.

the homestead project, and HKT, Safi, and A&A were not entitled to recovery on the construction project.

HKT filed a motion in the trial court to confirm the award. Safi and A&A did not file a response. At a hearing, counsel for Safi and A&A did not object to the award and offered changes the parties agreed to in the proposed judgment. The trial court entered judgment in accordance with the award and agreement of the parties. A&A filed a motion to correct, modify, or reform the final judgment which was overruled by the trial court after hearing. A&A then brought this appeal. Safi did not appeal.

**ANALYSIS**

Motion to Compel Arbitration

In its first issue, A&A raises two complaints: (1) the trial court erred in compelling arbitration, because the arbitration provision required HKT to choose either to submit to arbitration or to file a lawsuit; and (2) HKT's delay in seeking arbitration and its active participation in litigation prejudiced A&A. HKT responds that A&A waived its issue by failing to raise it in the trial court. We agree.

To preserve a complaint for our review on appeal, the record must show that a specific complaint was made to the trial court by a timely request, objection, or motion, and that the trial court ruled on that request, objection, or motion. TEX. R. APP. P. 33.1(a); *My Three Sons, Ltd. v. Midway/Parker Med. Ctr., L.P.,* No. 05-15-01068-CV, 2017 Tex. App. LEXIS 4997, at *7 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op. on reh'g) (waiving complaint where appellant failed to file response or objections to motion to compel arbitration in underlying case); *Gumble v. Grand Homes 2000, L.P.,* 334 S.W.3d

3

1, 3–4 (Tex. App.—Dallas 2007, no pet.) (waiving complaint that party's motion to compel was untimely when not raised at time judge ordered case to arbitration); *Garcia v. Walker*, No. 04-05-00343-CV, 2006 Tex. App. LEXIS 1409, at *2 (Tex. App.—San Antonio Feb. 22, 2006, no pet.) (mem. op.) (waiving objections to motion to compel arbitration not presented in trial court).

Here, A&A did not file a response to HKT's motion to compel arbitration or raise any affirmative defense to arbitration. Moreover, A&A did not challenge the validity of the arbitration clause below or allege that by invoking the judicial process, HKT waived any right to pursue arbitration. "A party that does not challenge the existence of a valid arbitration agreement in the trial court cannot assert that argument for the first time on appeal." *Llano Logistics, Inc. v. Carmona*, No. 07-21-00254-CV, 2022 Tex. App. LEXIS 2469, at *5–6 (Tex. App.—Amarillo Apr. 14, 2022, no pet.) (mem. op.). The sole argument raised by A&A at the hearing on the motion to compel was the enforceability of the commercial construction contract, an issue that is decided by the arbitrator. *See Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 449, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006) (challenge to validity of contract, and not specifically to arbitration clause, goes to arbitrator); *Perry Homes v. Cull,* 258 S.W.3d 580, 589 (Tex. 2008) (same). Because A&A failed to timely present its complaint to the trial court and obtain a ruling, the complaint is not preserved. TEX. R. APP. P. 33.1(a); *J.B. Hunt Transp., Inc. v. Lester*, No. 02-23-00035-CV, 2023 Tex. App. LEXIS 3967, at *19 (Tex. App.—Fort Worth June 8, 2023, no pet.) (mem. op.) ("Because [appellee] failed to present these arguments to the trial court, [she] cannot now raise these new arguments on appeal."). We overrule A&A's first issue.

Confirmation of Award and Scope of Final Judgment

In its second and third issues, A&A claims that the trial court erred in entering a final judgment confirming the arbitration award and denying its motion to correct, modify, or reform the judgment because the judgment included claims and parties not properly before the court. Specifically, A&A contends the trial court exceeded its authority by confirming an arbitration award and entering a final judgment that included not only the commercial project dispute properly before the court, but an unrelated homestead project involving Dang, who was not a party to the underlying lawsuit.

We review a trial court's decision to confirm, modify, or vacate an arbitration award under a de novo standard of review. *Brady v. Brady*, Nos. 02-23-00163-CV, 02-23-00164-CV, 2024 Tex. App. LEXIS 1163, at *18 (Tex. App.—Fort Worth Feb. 15, 2024, pet. denied) (mem. op.). However, because the law strongly favors arbitration, our scope of review "is extraordinarily narrow." *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016).

The record shows that in November of 2023, A&A and Safi filed their counterclaim adding Dang as a party and asserting claims against him. After the trial court granted the motion to compel arbitration and appointed an arbitrator for the construction project suit, the parties agreed to submit the suit involving the homestead project to arbitration. The scheduling order and notice of hearing provides:

> **17. Consolidation**: The parties have conferred and agree for the case, Dang v. Safi, et al[.] currently pending in the 67th Judicial District Court of Tarrant County, Texas under cause No. 067-343110-23 to be arbitrated with this matter. The parties agree to file a Joint Notice of Nonsuit within three (3) business days of this Order.

The scheduling order and notice of hearing was "agreed as to form and substance" and signed by the attorneys for the parties. Additionally, the arbitrator, in his twenty-four-page arbitration award, referenced the scheduling order and notice of hearing and found that "no general objections to the arbitrability of the claims or this Arbitrator's jurisdiction to hear this dispute were raised." Parties may expand an arbitrator's authority beyond what is provided in their written agreement by submitting issues for an arbitrator's consideration that they were not otherwise contractually compelled to arbitrate. *See Miller v. Walker*, 582 S.W.3d 300, 305 (Tex. App.—Fort Worth 2018, no pet.) (by "submitting issues for an arbitrator's consideration, parties may agree to arbitrate disputes that they were not otherwise contractually compelled to arbitrate"). However, a party cannot submit an issue to arbitration and then, when an unfavorable result occurs, claim the arbitrator exceeded his authority in deciding the issue. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 686 (Tex. App.—Dallas 2010, pet. denied); *Credit Suisse Sec. (USA) LLC v. Barnes*, No. 05-23-00520-CV, 2025 Tex. App. LEXIS 1774, at *19 (Tex. App.—Dallas Mar. 14, 2025, no pet.) (mem. op.).

At a hearing to confirm the arbitration award, A&A's counsel requested changes to the proposed judgment which were read into the record and agreed upon by the attorneys. The trial court signed the judgment reflecting the changes requested by A&A and confirmed the arbitration award. The trial court later denied A&A's motion to correct, modify, or reform the agreed final judgment. The record here indicates that A&A agreed to consolidate Dang's homestead project with the commercial project and resolve both projects in arbitration. We conclude the arbitrator did not exceed his authority in issuing the award. Accordingly, the trial court properly entered the agreed final judgment

6

confirming the arbitration award and denying the motion to correct, modify, or reform the judgment. We overrule issues two and three.

HKT's Request for Sanctions for Frivolous Appeal

HKT's brief contains a request for sanctions under Texas Rule of Appellate Procedure 45 on the grounds that A&A's appeal is frivolous. *See* TEX. R. APP. P. 45. We decline to impose sanctions against A&A and deny HKT's request for leave to file a motion for damages under Rule 45.

## CONCLUSION

Having overruled each of A&A's issues raised on appeal, we affirm the trial court's judgment confirming the arbitration award. We decline to sanction A&A in this appeal as requested by HKT.

Judy C. Parker
Justice